IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NICHOLAS P. MEYROVICH,

    Petitioner,

v.

OREGON BOARD OF PAROLE AND
POST PRISON SUPERVISION,

    Respondent.

Civ. No. 6:14-cv-00107-TC

OPINION AND ORDER

**MCSHANE, Judge**:

    Petitioner, *pro se*, brings this petition seeking habeas corpus relief under 28 U.S.C. § 2254. Petitioner challenges an Oregon Board of Parole and Post-Prison Supervision (Board) action designating him a "sexually violent dangerous offender" under ORS § 144.635(2)[1] and OAR 255-060-0018 because of alleged violations of the Due Process Clause and the ex post facto Clause. Magistrate Judge Thomas M. Coffin issued a Findings and Recommendation (F&R) on February 17, 2015, recommending denial. F&R 1–7, ECF No. 35. The matter is now before this Court. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

---

[1] ORS § 144.635(2) provides:

> (2) When a person is released from custody after serving a sentence of incarceration as a result of conviction for an offense listed in subsection (3) of this section, the board or local supervisory authority shall subject the person to intensive supervision for the full period of the person's parole or post-prison supervision if:
>
> (a) The person was 18 years of age or older at the time the person committed the offense; and
>
> (b) The board or local supervisory authority finds that the person is a sexually violent dangerous offender.

1 – OPINION AND ORDER

This Court reviews all portions of the F&R subject to objection *de novo*. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Bus. Machs. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Petitioner timely filed objections. *See* Objections to F&R 1–9, ECF No. 38. Upon review, this Court finds no error in Judge Coffin's legal recommendation. To the extent that petitioner challenges Judge Coffin's factual findings, this Court modifies the factual record as follows:

> **1.** On May 16, 1980, petitioner was convicted of Sexual Abuse in the First Degree, Rape in the First Degree, and Sodomy in the First Degree. *See* Habeas Corpus Scheduling Order 20, ECF No. 6-3.[2]
>
> **2.** On October 13, 1986, petitioner was granted temporary leave from prison. Petitioner successfully completed his temporary leave program and was paroled on December 27, 1986.
>
> **3.** In an indictment dated February 19, 1987, petitioner was charged with Rape in the First Degree, Sodomy in the First Degree, and Attempted Sodomy in the First degree for events occurring between November 1, 1986 and December 1, 1986. *See* Habeas Corpus Scheduling Order 2, ECF No. 6-4 (Marion County Circuit Court Case No. 87C20249).
>
> **4.** On November 4, 1986, Oregon enacted Ballot Measure 10, which was codified in relevant part at O.R.S. § 144.305. *See Dawson v. Belleque*, No. 3:06-cv-00012-KI, 2012 WL 2401754, at *5 (D. Or. June 25, 2012). That law "applied to all crimes committed on or after December 12, 1986 and . . . required parole to extend for the entire term of an offender's sentence." *Davidson v. Bd. of Parole & Post-Prison Supervision*, 139 Or. App. 289, 293, *adhered to as modified*, 140 Or. App. 72, 76 (1996).
>
> **5.** On October 6, 1987, petitioner was convicted of two counts of Attempted Sodomy in the First Degree. *See* Respondent's Exs. 2, 13–14, ECF No. 17-1.[3] These sentences were ordered to run consecutively. *See id.* at 13–14.

---

[2] Deschutes County Circuit Court Case Nos. 26329, 26331 and 26332.

[3] Marion County Circuit Court Case Nos. 87C20247 and 87C20249. This Court notes that in Case No. 87C20247, the victim reported that the events in that case occurred in **early January 1987**. *See* Respondent's Ex. 104 to Answer 28–29, ECF No. 41 (filed conventionally under seal); *see also Meyrovich v. Maass*, 762 F. Supp. 1417, 1418 (D. Or. 1991) ("These alleged crimes apparently took place sometime between the end of November, 1986 and January, 1987." (citation omitted)).

2 – OPINION AND ORDER

**6.** On March 4, 1991, the Board applied Ballot Measure 10 to petitioner's consecutive sentences (Marion County Circuit Court Case Nos. 87C20247 and 87C20249). *See* Habeas Corpus Scheduling Order 3, ECF No. 6-4. Petitioner received written notice that he could challenge the Board action by seeking administrative and judicial review. *See id.*

**7.** Between March 2003 and February 2004, petitioner submitted a request for administrative review asserting that his parole should have been discharged in Marion County Circuit Court Case Nos. 87C20247 and 87C20249 "no later than 1997." *Id.* at 16. In an Administrative Review Response dated February 10, 2004, the Board denied petitioner's request for relief. *Id.* at 18–19. The Board explained in relevant part:

> [Petitioner] committed those crimes while he was on parole supervision, which began on December 27, 1986. On November 4, 1986, the voters passed Ballot Measure 10 . . . and it went into effect on December 4, 1986. . . . [Ballot Measure 10] added to ORS Chapter 144 (codified at ORS 144.305) a provision that extended the period of parole supervision for the entire term of the prisoner's sentence. . . . The court imposed two ten-year sentences on his convictions for Attempted Sodomy in the First Degree to run consecutively to each other and previously imposed sentences. . . . Because [petitioner] was released onto parole before serving all of the sentences in prison, he must remain on parole supervision until he reaches his sentence expiration date, which is currently December 27, 2019. Pursuant to ORS 144.305, in effect at the time [petitioner] committed his crimes, an offender's parole extended for the entire term of the offender's sentence. Therefore . . . [petitioner] will remain on parole until December 27, 2019.

*Id.* Petitioner received written notice that he could challenge the Board response by seeking judicial review. *See id.*

**8.** On April 6, 2004, petitioner was convicted of two counts of Burglary in the First Degree and one count of Sexual Abuse in the First Degree. Respondent's Exs. 2–3, 9, 11, ECF No. 17-1.[4]

**9.** Between May and June 2008, petitioner's conviction for Sexual Abuse in the First Degree in Marion County Circuit Court Case No. 03C52549 appears to have been vacated. Petitioner accepted an alternative lesser plea, Sexual Abuse in the Third Degree. *See id.* at 8.

---

[4] Marion County Circuit Court Case No. 03C52549.

3 – OPINION AND ORDER

**10.** On February 22, 2012, petitioner appeared via telephone before the Board for a "Sexually Violent Dangerous Offender" designation hearing. *See id.* at 97–99. Petitioner contested the Board's jurisdiction, but was designated a "Sexually Violent Dangerous Offender" under ORS 144.635. *See id.* at 99. Petitioner's subsequent requests for administrative review and judicial review were both denied. *See id.* at 105, 150–51.

## **CONCLUSION**

This Court ADOPTS Judge Coffin's F&R, ECF No. 35, in full. Petitioner Nicholas Meyrovich's petition, ECF No. 2, is DENIED.

IT IS SO ORDERED.

DATED this 27th day of April, 2015.

                                                      **Michael J. McShane**
                                                      **United States District Judge**

4 – OPINION AND ORDER